## 61033. OWENS v. THE STATE.

BIRDSONG, Judge.

Russell Lee Owens was convicted of burglary and sentenced to 20 years, ten to serve, followed by ten years' probation. He brings this appeal enumerating two alleged errors of law. *Held:*

1. In his first enumeration of error, Owens contends that the trial court erred in denying his motion for directed verdict of acquittal at the conclusion of the state's evidence. The basis of that motion was that the state's evidence failed to show Owens' presence at the scene except by the appellant's confession and thus the confession was not properly corroborated.

The evidence showed that the victim Taylor owned a rack of six rifles and shotguns. His house was broken into through a door in the carport and all six guns were taken. Taylor testified that he gave no one permission to enter his home nor to take any of the weapons.

As developed by the state and through the appellant's confession, it appears that Taylor's brother-in-law, one Brewer, had contacted Owens at the home of Owens' grandmother (where Brewer was boarding). Brewer asked Owens if he wanted to make some money, and if so, he (Brewer) knew where they could get some guns. Owens drove Brewer to Taylor's house. Owens admitted that though he was "not sure" that the guns were going to be stolen by Brewer, he "figured that's what it was." After Owens drove around for about 30 minutes, Brewer came out with a heavy bag. Owens got out of the car and lifted the bag containing the guns into the car. From Taylor's house, Brewer and Owens proceeded to the location of a purchaser of the guns, and all six of the guns were sold. The state did not call Brewer as a witness and no one saw Owens in the vicinity of Taylor's home though Brewer had been seen.

There is no dispute that the corpus delicti of the crime of burglary was proven. Owens was placed in possession of the stolen guns shortly thereafter. In his confession Owens admitted going with the acknowledged burglar, believing that a burglary was going to take place. It has been repeatedly held that proof of the corpus delicti is sufficient corroboration of a confession. *Gilder v. State,* 219 Ga. 495, 497 (133 SE2d 861); *Gray v. State,* 135 Ga. App. 253 (217 SE2d 482). There is no reasonable likelihood that Owens has confessed to a crime that did not take place. This enumeration is without merit.

2. In his second enumeration, Owens most ingeniously argues that because Brewer was never indicted and tried for the burglary of Taylor's house this resulted in an implied permission for Brewer to enter Taylor's house and take the guns in question. From this premise Owens argues that if there is no principal to the crime of

burglary, then Owens cannot be guilty as an accessory.

Owens offers no authority for this novel proposition of an implied authority to take the guns and more than likely the reason he does not do so is that there is no legal support for such an argument. The only evidence before the court was by Taylor. That testimony remains unimpeached that Taylor gave no one permission to enter his home or to take his guns. This enumeration is totally devoid of merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 21, 1981.

*James C. Wyatt,* for appellant.
*Steven Lanier, District Attorney,* for appellee.