### 68429. BONNER v. THE STATE.
(323 SE2d 236)

SOGNIER, Judge.

Appellant was convicted of burglary and appeals on the general grounds. He also contends the trial court erred by denying his motion for a directed verdict of acquittal because the burden of corroborating appellant's confession was not carried by the State.

Police responded to a burglar alarm at Rose's Department Store in LaGrange, Georgia, and discovered that the store had been entered by knocking a large hole in a wall at the rear of the store. Based on information from a witness who saw appellant and others running from the rear of the store, the police called appellant in for questioning. After being advised fully of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), appellant made a written confession to his participation in the burglary. Appellant renounced his confession at trial, and testified he was at his mother's home when the burglary occurred.

1. We find the evidence sufficient to support the verdict and meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

In regard to denial of appellant's motion for a directed verdict of acquittal, he contends the State failed to prove that a burglary occurred, and a confession alone is insufficient to support a conviction. This contention is without merit.

The State's evidence established clearly that Rose's Department Store was burglarized about fifteen minutes after the assistant man-

ager secured the store and departed for the night. Proof of the corpus delicti is sufficient corroboration of a confession. *Owens v. State*, 157 Ga. App. 198 (1) (276 SE2d 873) (1981). The question of the amount of evidence necessary to corroborate a confession is left to the jury, and the jury may consider the confession along with other facts and circumstances in determining whether the corpus delicti has been established. *Gilder v. State*, 219 Ga. 495, 497 (133 SE2d 861) (1963). Although appellant argues that the State did not prove intent, the question of criminal intention is for the jury and not the court. *Jerome v. State*, 143 Ga. App. 649 (239 SE2d 541) (1977).

Since the confession was corroborated and the evidence was sufficient to meet the standards of proof required by Jackson v. Virginia, supra, it was not error to deny appellant's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

2. Appellant contends in his brief that it was error to amend the record by including State Exhibits 1 and 2, the waiver of rights form and appellant's confession. Appellant made a motion for complete recordation of all proceedings, including hearings on motions, and State Exhibits 1 and 2 were introduced into evidence for use at the hearing on appellant's motion to suppress his confession. Thus, they are properly a part of the record. When it was brought to the attention of the trial court that appellant's confession (State Exhibit 2) was not transcribed, although read into the record during the trial on its merits, the trial judge directed that the record be amended by transcribing the confession, paginating it 61A, and delivering it to this court. Such action is authorized by OCGA § 5-6-41 (f). Thus, there was no error.

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 5, 1984.

*Brian D. Lockerbie*, for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney*, for appellee.