### A90A1942. BROWN v. THE STATE.
#### (401 SE2d 568)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, with permitting an unauthorized minor to drive a motor vehicle. The case was tried before a jury and Officer Tim Pafford of the Ware County Sheriff's Department testified that on April 17, 1989, he investigated a traffic accident on a public road in Ware County and discovered that defendant's child was the driver of the wrecked vehicle. Officer Pafford further testified that he went to defendant's home, informed defendant of the collision and told defendant that "his children were en route to the hospital." Officer Pafford then testified that defendant "made a statement . . . that he had let the boy drive the car to go to Pogo Foods at Carswell and South Augusta, which is a half a mile from [defendant's] residence."

Defendant's son, who was 16 years of age on the day of the collision, testified that he drove an automobile without a driver's license on April 17, 1989; that he asked his father for permission to drive; that defendant "wasn't feeling good [and] was still half asleep . . ." when he inquired and that "it sounded like [defendant] said yes." Defendant was found guilty of the offense charged and this appeal followed the denial of his motion for new trial. *Held:*

1. In his first and third enumerations, defendant challenges the sufficiency of the evidence and also contends that "the uncorroborated alleged confession by [defendant] did not justify a conviction."

"The amount of evidence necessary to corroborate a confession is left entirely within the province of the jury and corroboration in any material particular satisfies the requirements of the law. *Gilder v. State,* 219 Ga. 495, 498 (2) (133 SE2d 861); *Morrison v. State,* 157 Ga. App. 405, 406 (278 SE2d 60); *Griswold v. State,* 159 Ga. App. 22, 23-24 (3) (282 SE2d 679); *Owens v. State,* 157 Ga. App. 198 (276 SE2d 873); *Cunningham v. State,* 248 Ga. 835, 837 (3) (286 SE2d 427)." *Reynolds v. State,* 168 Ga. App. 555 (1) (309 SE2d 867). In the case sub judice, defendant's son's corroborating testimony that his father gave him permission to drive on the day of the collision corroborated Officer Pafford's testimony of defendant's admission. This evidence and Officer Pafford's testimony that defendant did not appear to be ill or sleepy when he admitted to allowing his son to drive was more than sufficient evidence to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of the offense charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his second enumeration, defendant contends the trial court erred in charging as follows: "You are only concerned, however, with the guilt or innocence of the defendant. You are not to concern your-selves with anything concerning punishment. That is a matter for the court, and the responsibility of the court." Defendant argues that this jury instruction "may have left the jury with the impression that it was to find [defendant] guilty, so that the court would sentence him." Defendant also argues that "[t]he jury may have further considered that the court presumed [defendant] guilty and that, it, not the jury would set sentence." These arguments are without merit.

The trial court's instruction is an accurate statement of the law. See *Wilson v. State*, 233 Ga. 479, 482 (8) (211 SE2d 757). Further, the instruction is not misleading, but is sufficiently clear to be understood by jurors of ordinary understanding. *Lovell v. State*, 189 Ga. App. 311 (1), 312 (375 SE2d 658). This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 17, 1991.

*James A. Yancey, Jr.,* for appellant.
*Douglas L. Gibson, Solicitor,* for appellee.