## S02A1807. ROBERTS v. THE STATE.
### (577 SE2d 580)

CARLEY, Justice.

A jury found Tyrone Roberts guilty on alternative counts of malice murder and felony murder, as well as on six counts of aggravated assault with a deadly weapon. The trial court correctly treated the felony murder verdict as surplusage, and merged one of the aggravated assault counts into the malice murder. *Malcolm v. State,* 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). The trial court entered judgment on the other guilty verdicts and sentenced Roberts to life imprisonment for malice murder, a consecutive 20-year term on one of the aggravated assault counts, and concurrent 20-year terms on the remaining counts. A motion for new trial was denied, and he appeals.[1] One of his co-indictees, David Michael Johnson, was tried separately and also convicted of malice murder and aggravated assault, and this Court affirmed those convictions. *Johnson v. State,* 275 Ga. 630 (570 SE2d 309) (2002).

1. Construed in support of the verdicts, the evidence shows that an automobile stopped in front of a barber shop in Atlanta, and four or five men exited the vehicle. Roberts, who was wearing a red jersey

---

[3] *Harris v. State,* 274 Ga. 422, 425 (554 SE2d 458) (2001); *Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28) (1975).

[1] The crimes occurred on March 24, 1998. The grand jury returned an indictment on May 22, 1998, which was eventually nolle prossed. Roberts was re-indicted on July 16, 1999. The jury found him guilty on February 28, 2000, and the trial court entered the judgments of conviction and sentences on April 26, 2000 and corrected the sentences by consent order on August 14, 2000. Roberts filed a motion for new trial on March 22, 2000, which was amended on August 7, 9, and 11, 2000. The trial court denied the motion on November 5, 2001, and Roberts filed a notice of appeal on November 9, 2001. The case was docketed in this Court on August 9, 2002 and submitted for decision on September 30, 2002.

with a number "1" on the front, stationed himself outside in front of the glass window. Three other men went into the shop to confront the owner about money he supposedly owed them. When a customer went outside to collect her five-year-old son, Appellant put a gun in her face and asked where she was going. The murder victim, a barber, distracted Roberts' attention away from the customer and her son, and began to run across the street. Eyewitnesses saw Appellant standing by the door of the barber shop shooting repeatedly at the murder victim, who died from his wounds. Roberts also fired three shots into the store. When he was arrested, the police recovered a nine-millimeter Glock pistol which had fired a bullet found near the body of the murder victim. The evidence was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of all crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State*, supra at 631 (1).

2. Roberts contends that the trial court erred in refusing to disqualify two jurors for cause.

Juror Hathaway expressed dissatisfaction with the probated sentence received by the person convicted of assaulting her daughter and, under prodding by defense counsel, admitted that that experience might possibly make her more inclined towards the prosecution. However, she also stated that she did not hold Appellant responsible, and believed that she could be fair and impartial in judging the evidence. After reviewing all of this juror's responses, we conclude that the trial court did not abuse its discretion in finding that she "would remain impartial despite her past experience and her honestly expressed concerns about the possible impact of that experience upon her deliberations. [Cit.]" *Raheem v. State*, 275 Ga. 87, 91 (6) (560 SE2d 680) (2002). "A prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause. [Cit.]" *Corza v. State*, 273 Ga. 164, 166 (3) (539 SE2d 149) (2000).

Juror Wright stated that he probably leaned towards the prosecution, that he was inclined to listen to a police officer before a random passerby, that an indictment indicated some suspicion of guilt, and that the burden of proof shifts a little bit towards the defense. However, he also declared that he would not want to convict someone who was innocent, and would try his best to be fair, to make the best decision on the evidence, and to follow the trial court's instructions regarding the presumption of innocence and the burden of proof. The fact that a juror has expressed a belief in the credibility of police officers does not require that he be excused for cause. *Brown v. State*, 268 Ga. 354, 356 (3) (490 SE2d 75) (1997). Excusal is not required "when a potential juror states that he or she will 'try' to decide the

case based upon the court's instructions and the evidence. [Cits.]" *Corza v. State*, supra at 166-167 (3). As there is no evidence that this juror had formed an opinion so fixed and definite that it would not be changed by the evidence or the charge of the trial court, we do not find any manifest abuse of discretion in the trial court's refusal to strike Juror Wright for cause. *Wilson v. State*, 271 Ga. 811, 816 (5) (a) (525 SE2d 339) (1999).

3. Appellant further contends that the trial court abused its discretion in disqualifying a prospective juror for cause. That juror stated that it would be hard for him to convict a young black man, that the system is unbalanced in favor of the State, and that a prior false accusation against him is an example of the system's unfairness. The attempted rehabilitation of the prospective juror was brief and ambiguous. A juror's racial bias, experience with false accusations, and belief that the judicial system is unfair may be grounds to excuse him for cause. *Pruitt v. State*, 270 Ga. 745, 751 (13) (514 SE2d 639) (1999); *Menefee v. State*, 270 Ga. 540, 542 (2) (512 SE2d 275) (1999); *Perry v. State*, 264 Ga. 524, 525 (2) (448 SE2d 444) (1994); *McClain v. State*, 220 Ga. App. 474, 477 (6) (469 SE2d 756) (1996). Thus, "we cannot conclude that the trial [court] abused its discretion in excusing this juror." *Pruitt v. State*, supra at 751 (13).

4. Roberts complains that the trial court erred in giving the following charge: "You are only concerned with the guilt or innocence of the defendants. You are not to concern yourselves with punishment." Contrary to Roberts' argument, this instruction does not constitute an expression or intimation of the court's opinion about the defendant's guilt, and has consistently been found acceptable. *Smith v. State*, 268 Ga. 42, 43 (2) (485 SE2d 189) (1997). See also *George v. State*, 260 Ga. 809, 811 (5) (c) (400 SE2d 911) (1991); *Mullen v. State*, 197 Ga. App. 26, 28 (4) (a) (397 SE2d 487) (1990). The charge is an accurate statement of the law which "is not misleading, but is sufficiently clear to be understood by jurors of ordinary understanding. [Cit.]" *Brown v. State*, 198 Ga. App. 352, 353 (2) (401 SE2d 568) (1991). Furthermore, the use of the word "innocence" in the first portion of the instruction, when considered either in isolation or as part of the whole charge, did not shift the burden of proof to the defense. *Roker v. State*, 262 Ga. 220, 221 (4) (416 SE2d 281) (1992). To the contrary, the first sentence of the charge actually clarifies the second sentence. *Slaughter v. State*, 217 Ga. App. 449, 451 (3) (459 SE2d 168) (1995); *Padgett v. State*, 205 Ga. App. 576, 577 (1) (423 SE2d 411) (1992); *Johnson v. State*, 194 Ga. App. 743, 745 (4) (391 SE2d 716) (1990).

5. Appellant makes several enumerations of error with respect to the felony murder count of the indictment and the jury charge thereon. "However, any issue concerning the felony murder count is

moot, since the trial court entered a judgment of conviction and sentence only on the verdict finding [Roberts] guilty of malice murder. [Cit.]" *Boddy v. State*, 265 Ga. 498, 499 (4) (458 SE2d 630) (1995) (indictment). See also *Raheem v. State*, supra at 89 (2) (indictment); *McKenzie v. State*, 274 Ga. 151, 152 (4) (549 SE2d 337) (2001) (jury charge); *Pickren v. State*, 272 Ga. 421, 422 (1) (530 SE2d 464) (2000) ("any issues").

6. The trial court did err in charging the jury that it could infer intent to kill from use of a deadly weapon. *Harris v. State*, 273 Ga. 608, 609-610 (2) (543 SE2d 716) (2001). "However, the error was not of constitutional magnitude. [Cit.]" *Harris v. State*, 274 Ga. 422, 426 (6) (d) (554 SE2d 458) (2001). Roberts did not present any evidence, and the eyewitness testimony and other evidence of malice murder are overwhelming. "[A]ccordingly, it was ' "highly probable that the error did not contribute to the judgment," ' and the error was harmless. [Cit.]" *Scott v. State*, 275 Ga. 305, 308 (5) (565 SE2d 810) (2002).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*James J. Lacy*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Kyle A. Pearson, Assistant Attorney General*, for appellee.

