## A05A1048. GUILLEN v. THE STATE.
### (620 SE2d 518)

MIKELL, Judge.

Ramon Guillen, and his co-defendants, Anthony Lopez and Oscar DeLeon, were indicted by a Gwinnett County grand jury on one count each of possession with intent to distribute a noncontrolled substance, possession of a firearm during the commission of a felony, and criminal attempt to commit armed robbery. Lopez and DeLeon entered guilty pleas prior to the commencement of Guillen's trial.[1] A jury convicted Guillen of both possession charges and acquitted him of criminal attempt to commit armed robbery. Guillen was sentenced to ten years in prison on the possession with intent charge and five years probation to run consecutive to the prison sentence on the firearm charge. On appeal, Guillen raises two errors. He argues that the trial court erred by failing to give a jury charge on the grant of immunity and leniency to a witness and that his trial counsel was ineffective because he failed to request a charge on circumstantial evidence. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict.[2] We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[3] "The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4] So viewed, the record shows that a confidential informant informed Gwinnett County Drug Task Force Officer Atwater that an individual named "Juan Carlos," who Atwater later determined was Guillen, wanted to sell

---

[1] Lopez entered an *Alford* plea and received a sentence of fifteen years, seven of which would be served in confinement. DeLeon had not been sentenced when the trial began.

[2] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] (Punctuation and footnote omitted.) *Christopher v. State*, 262 Ga. App. 257 (585 SE2d 107) (2003).

four kilograms of cocaine for $22,000 each. After a series of phone calls, Atwater agreed to meet Guillen in a parking lot, after which they would then proceed to a hotel room to complete the sale. Atwater, the informant, and several other officers arrived at the parking lot before Guillen so that they could conduct surveillance of the meeting. Atwater wore a wireless transmitter so that the other officers could monitor his conversation with Guillen.

Guillen arrived at the parking lot with Lopez and DeLeon, who were both seated in the back of Guillen's vehicle. The informant entered the front seat of Guillen's car and after several minutes, Atwater approached the driver's side of the vehicle to talk with Guillen. Atwater testified that he noticed that Guillen and his passengers appeared to be nervous. Atwater asked Guillen if he had the cocaine, and Guillen replied that he had two kilos in the back of his car. Guillen exited the car and showed Atwater what appeared to be a taped brick of cocaine in his trunk. Officer Atwater testified that as Guillen walked to the back of the car, the right pocket of Guillen's jacket moved as if it held a pistol.

Atwater told Guillen that he did not have the money on him, and consequently, Guillen would not allow him to inspect the cocaine. Atwater promised that he would pick up the money and meet Guillen back at the parking lot to close the transaction. Sergeant Darrell Ponder, who supervised the drug transaction, confirmed the content of the conversation between Guillen and Atwater.

After Atwater left the parking lot, the informant received a phone call and was told that Guillen was following them and not to share that information with Atwater. Sergeant Ponder radioed Atwater that Guillen was following him, then contacted uniformed officers and instructed them to initiate a traffic stop of Guillen's vehicle. Officer C. D. McClendon of the Gwinnett County Police Department and other uniformed officers made the traffic stop. Guillen, Lopez, and DeLeon were removed from the car and handcuffed. Lopez had two handguns in the waistband of his pants, and another handgun was located under the front seat of the car. The taped package that Atwater had observed in the truck was two videotapes, not cocaine.

DeLeon testified on behalf of the state that Guillen and Lopez packaged the videotapes and planned to sell them to Atwater as drugs. DeLeon also testified that Guillen gave him a gun that he placed under the seat in Guillen's car.

Guillen testified that he met with Atwater because he wanted to try to sell his car to him; that he had purchased the videotapes to send to his daughter in Honduras; that he opened the trunk of the car to show Atwater where the DVD player was located; that he was simply

leaving the parking lot when he was arrested; and that he did not have a weapon or know that there were weapons in the car.

1. In his first enumerated error, Guillen argues that the trial court erred when it refused to give the jury the following written charge on immunity and leniency granted to a witness:

> [i]n assessing the credibility of a witness, you may consider any possible motive in testifying, if shown. In that regard you are authorized to consider any possible pending prosecutions, negotiated pleas, grants of immunity or leniency, or similar matters. You alone shall decide the believability of the witnesses.

Guillen maintains that the charge should have been given because it applied directly to DeLeon's testimony. We disagree.

"In order for a refusal to charge to be error, the request must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge."[5] In this case, there was no evidence that DeLeon was offered immunity or leniency in exchange for his testimony. DeLeon testified that he was told that he would be sentenced after his testimony and that he needed to testify truthfully. DeLeon also testified that he was told that if he did not testify truthfully, his plea deal could be withdrawn. Though some plea discussions may have occurred between DeLeon and the state, there is no evidence that the state granted DeLeon immunity or leniency in exchange for his testimony,[6] which evidence was required to support Guillen's proposed charge. Accordingly, we find no error because the evidence did not support the entire charge requested.

Furthermore, the principle of the proposed charge was covered in the general charge.[7] The thrust of Guillen's proposed charge is that the jury should consider that a witness might have a personal interest which influences his testimony. The trial court charged the jury that it was to determine the credibility and believability of witnesses; that in passing upon credibility, it was authorized to consider a witness's interest in the case; and that it could assess the witness's personal credibility.

---

[5] (Citation and punctuation omitted.) *Hall v. State*, 241 Ga. App. 454, 460 (1) (525 SE2d 759) (1999). See also *Lewis v. State*, 196 Ga. 755, 760 (3) (27 SE2d 659) (1943).

[6] See *Monsalve v. State*, 271 Ga. 523, 525-526 (3) (519 SE2d 915) (1999) (no error in trial court's refusal to give proposed charge on immunity and leniency where the defendant testified that he had been promised nothing in exchange for his testimony, and that he had not been granted any immunity or leniency, or threatened with any harm, in relation to his testimony). See also *Harris v. State*, 274 Ga. 422, 426 (6) (a) (554 SE2d 458) (2001); *Epps v. State*, 262 Ga. App. 113, 117 (5) (584 SE2d 701) (2003).

[7] *Hall*, supra.

2. Guillen contends that his trial counsel was ineffective because he failed to request a charge on circumstantial evidence, which failure prejudiced Guillen's defense.

> To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. The trial court's determination that [Guillen] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous.[8]

The charge at issue is based on OCGA § 24-4-6, which provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." We have previously held that "omitting [this] charge . . . is not harmful or erroneous as a matter of law when some direct evidence is presented and the jury receives a proper instruction on reasonable doubt, as was done here."[9]

Officer Atwater and his supervisor, as well as DeLeon, provided direct evidence of the drug deal, and DeLeon testified that Guillen gave him a gun. The trial court adequately charged the jury on reasonable doubt. Therefore, the omission of the charge on circumstantial evidence was not erroneous, and trial counsel's performance, therefore, was not deficient because he failed to request such an instruction. Moreover, "[g]iven the overwhelming evidence of [Guillen's] guilt, he cannot show a reasonable probability that the jury would have had a reasonable doubt respecting his guilt, if his counsel had requested the charge."[10] Therefore, the trial court's finding that trial counsel was effective was not clearly erroneous.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2005 — 

---

[8] (Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

[9] (Citation omitted.) Id. at 298 (4) (g).

[10] *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.