## A05A1450. ARVINGER v. THE STATE.
### (622 SE2d 476)

RUFFIN, Chief Judge.

A jury found Deangelo Arvinger guilty of armed robbery.[1] Arvinger appeals, arguing that the trial court erred in refusing to give a requested jury instruction. He also claims that the verdict form was misleading, confusing, and inaccurate. For reasons that follow, we affirm.

Viewed favorably to the verdict,[2] the evidence shows that Ahmed Khan was robbed of over $6,000 in a bank parking lot. According to Khan, he exited his car holding a bag of deposits from the convenience store that he owned. An individual approached him from behind, hit him in the head with a hard object, grabbed the money bag, and ran. An eyewitness saw the robber run into the woods with the bag, then emerge wearing different clothes and jump into a white Ford Focus, which drove away. The witness memorized the car's license tag number and reported that information to police.

Several days later, an officer saw the Ford Focus, stopped the car, and identified Arvinger as the driver. Arvinger told police that he drove Kenya Burks to the bank on the day of the robbery so that Burks could deposit his paycheck. He claimed that he dropped Burks off at the bank, then drove down a nearby street. Sometime later, Burks came out of the woods next to the bank, jumped in the car, and told him to "go." As they drove away, Burks explained that he had robbed someone, and Arvinger ordered him out of the car.

Burks, who pleaded guilty to armed robbery and aggravated assault, testified at trial. According to Burks, he and an accomplice planned the robbery. The accomplice drove him to the bank in a white Ford Focus, then waited for him behind a wooded area. Burks robbed Khan, ran into the woods, changed clothes, and escaped in the car driven by his accomplice. Although Burks described his activities and that of his accomplice, he refused to identify the accomplice.

1. Arvinger argues that the trial court erred in failing to give his requested jury instruction on leniency and immunity offered to a witness. We disagree.

When the State first called Burks to testify, he refused to answer any questions about the robbery or his involvement. The trial court told Burks that he would be in contempt of court if he did not respond. After Burks again declined to answer, the trial court advised that he could be found in contempt and "given additional time on [his prison] sentence." Burks' silence continued, and the State called another

---

[1] The jury acquitted Arvinger of aggravated assault.
[2] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

witness. During the next recess, Burks spoke with the prosecutor, then decided to testify about the robbery.

Arvinger requested that the trial court charge the jury on immunity or leniency granted to a witness. The requested charge provided:

> In assessing the credibility of a witness, you may consider any possible motive in testifying, if shown. In that regard you are authorized to consider any possible pending prosecutions, negotiated pleas, grants of immunity or leniency, or similar matters. You alone shall decide the believability of the witness.

Arvinger claimed below that this instruction should be given because Burks agreed to testify only after the trial court advised him that he would be held in contempt. According to Arvinger, Burks testified in "a hope for leniency after the threats [of contempt] were made." The court declined to give the charge, but instructed jurors generally about judging witness credibility. In that instruction, the court explained that the jury could "consider all the facts and all the circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or their want of interest in the outcome of the case."

" 'In order for a refusal to charge to be error, the request must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge.' "[3] In this case, Arvinger presented no evidence that Burks was offered immunity or leniency in exchange for his testimony. Although the trial court informed Burks that he could be held in contempt, such statement does not constitute a promise of leniency, a grant of immunity, a favorable plea bargain, a benefit with respect to a pending prosecution, or a similar concession. The judge simply pointed out that a witness can be found in contempt for an unauthorized refusal to testify.[4] Under these circumstances, the evidence did not support the requested charge.[5]

Arvinger also claims that the jury could have concluded that the State "made some concession" to Burks because he decided to testify following a visit from the prosecutor. Again, however, Arvinger has offered no evidence of such "concession," and our review of Burks'

---

[3] *Guillen v. State*, 275 Ga. App. 316, 318 (1) (620 SE2d 518) (2005).

[4] See *In re Victorine*, 230 Ga. App. 209, 211 (1) (495 SE2d 864) (1998) ("[A] trial court is empowered to inflict punishment for contempt of court upon a witness who disobeys its lawful order.").

[5] See *Guillen*, supra; *Walls v. State*, 233 Ga. App. 601, 603 (1) (504 SE2d 471) (1998).

testimony reveals none. Arvinger's speculation on this point did not require a leniency instruction.[6] Accordingly, the trial court properly refused to give the requested charge.[7]

2. Arvinger argues that the trial court used a misleading, confusing, and inaccurate verdict form with respect to armed robbery. The verdict form required the jury to complete the following sentence: "As to [Count] One, Armed Robbery, we, the jury, find the defendant, Deangelo Marquise Arvinger ____." The jury filled in the blank with "guilty."

Noting that the trial court charged the jury on robbery by intimidation as a lesser included offense, Arvinger argues that the court should have used a special verdict form specifically identifying this offense as a verdict option. According to Arvinger, the trial court's refusal to include robbery by intimidation on the verdict form was "the functional equivalent of the failure to [charge] on [the offense]."

The trial court, however, instructed the jury on the form its verdict should take if it found Arvinger guilty of robbery by intimidation:

> If in your consideration of count one you believe beyond a reasonable doubt that the defendant committed the offense of robbery by intimidation, then you would be authorized to convict him of that offense. In that event the form of your verdict as to count one would be as to count one, armed robbery, we, the jury, find the defendant, Deangelo Marquise Arvinger, guilty of robbery by intimidation.

The court's charge fully advised jurors on how to present a verdict for robbery by intimidation. Nothing in that charge or the language of the verdict form could have led a reasonable jury to believe that robbery by intimidation was no longer an option.[8] Thus, although "[a] special verdict form may have reminded the jury of its alternatives, . . . we do not find that in its absence the jury was likely confused."[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[6] See *Monsalve v. State*, 271 Ga. 523, 526 (3) (519 SE2d 915) (1999).

[7] See id.; see also *King v. State*, 214 Ga. App. 311, 318 (9) (447 SE2d 645) (1994) (trial court did not err in refusing to give the requested leniency charge because its general charge on the credibility of witnesses, including an instruction that jurors could consider the interest or want of interest of a witness, covered substantially the same issues as the requested charge).

[8] See *Rucker v. State*, 270 Ga. 431, 434-435 (5) (510 SE2d 816) (1999) (no error in using a preprinted verdict form unless the form and instructions relating to form would mislead jurors of reasonable understanding).

[9] *McElroy v. State*, 244 Ga. App. 500, 502 (1) (b) (536 SE2d 188) (2000).

DECIDED OCTOBER 27, 2005.

*Lynn G. Fant,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney,* for appellee.