**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 17, 2019**

# In the Court of Appeals of Georgia

A19A0506. HARRIS v. THE STATE.

BROWN, Judge.

This is the second appearance of this case before this Court. In *Harris v. State*, 342 Ga. App. 829 (805 SE2d 281) (2017) ("*Harris I*"), we affirmed Donald Harris, Jr.'s conviction for possession of a firearm by a convicted felon, but reversed his conviction for aggravated assault because the trial court failed to charge the jury on the lesser included offense of reckless conduct. Id. at 832-833 (2). Upon retrial, Harris was again convicted of aggravated assault. He appeals the denial of his motion for new trial, alleging that the verdict form was unlawful. We affirm.

Harris was convicted of aggravated assault arising out of an incident which occurred on May 19, 2015, after Harris was accused of molesting his ex-girlfriend's daughter. The aggravated assault victim, Harris' cousin and the ex-girlfriend's best

friend, testified that she had just driven up to her home and was sitting in her car when Harris' brother blocked her from getting out of the car. When the victim lowered her car window, she heard a big commotion and screams, and then observed Harris pointing an assault rifle at her car window. The victim's ten-year-old son, who was standing on the porch of the home, also testified that Harris pointed the gun at his mother. The victim testified that she felt threatened and afraid, and believed her life was in jeopardy: "I didn't know [if there were] bullets in the gun or not. I didn't know what he was going to do with it." As the victim called 911, Harris ran off.

During cross-examination, the victim confirmed that during a prior hearing, she testified that Harris pointed the gun at "his sister and brother" and "everybody there." Neither Harris' brother nor his sister, both of whom were on the scene, saw Harris point the gun at the victim; both testified that the gun belonged to the brother, that the sister was holding the gun, and that Harris and the sister struggled over the gun. The indictment charged Harris with "aggravated assault (OCGA § 16-5-21) for . . . mak[ing] an assault upon [the victim] with a deadly weapon," without specifying which manner of simple assault (attempting to commit a violent injury to another or committing an act which places another in reasonable apprehension of immediately receiving a violent injury, OCGA § 16-5-21 (a) (1), (a) (2)). At trial, the trial court

2

instructed the jury as to both types of assault that could support the aggravated assault charge, as well as the lesser included charges of reckless conduct and pointing a gun at another.

In his sole enumeration of error, Harris contends that the verdict form – combined with the jury instructions[1] – was confusing to the jury because it divided the definitions of aggravated assault, thus giving the appearance that Harris was charged with two separate counts of aggravated assault, i.e., (1) aggravated assault by placing the victim in reasonable apprehension of receiving a violent injury *and* (2) aggravated assault by attempting to commit a violent injury to the person of another or a lesser charge. In evaluating the propriety of a verdict form, "we review the form's language in conjunction with the rest of the trial court's jury instruction." *Rowland v. State*, __ Ga. __ (6) (Case No. S19A0289, decided June 3, 2019).

In this case, the verdict form returned by the jury, showed as follows:

**Cho[o]se One**

_____ "We, the jury, find the Defendant guilty of Aggravated Assault by committing an act that placed another in reasonable apprehension of immediately receiving violent injury."

---

[1] Harris does not enumerate any error related to the trial court's instructions to the jury.

3

_____ "We, the jury find the Defendant not guilty of Aggravated Assault in that manner."

**OR**

**Cho[o]se One**

_____ "We, the jury, find the Defendant guilty of Aggravated Assault by attempting to commit a violent injury to the person of another."

_____ "We, the jury[,] find the Defendant guilty of Reckless Conduct."

_____ "We, the jury, find the Defendant guilty of Pointing a Gun at Another."

_____ "We, the jury, find the Defendant not guilty."

During its instruction, the trial court charged that Harris was indicted with "*the offense* of aggravated assault"; differentiated between the two methods of simple assault; and charged that the "lesser included offenses [of reckless conduct and pointing a firearm at another] apply to aggravated assault by attempting to commit a violent injury to another. They are not lesser included offenses of aggravated assault by doing an act that places another in reasonable apprehension of immediately

4

receiving a violent injury."[2] The court then instructed the jury how to complete the verdict form, differentiating several times between the methods of aggravated assault.

We find no merit in Harris' claim that alleged confusion caused by the verdict form entitles him to a new trial. The jury had a copy of the indictment during deliberations, and the trial court expressly instructed the jury that Harris was charged with "*the offense* of aggravated assault" and that he could only be convicted of one manner of aggravated assault. Additionally, inclusion of the capitalized, bolded "**OR**" between the two sections of the verdict form necessarily communicated to the jury that Harris could only be found guilty of one or the other type of aggravated assault, but not both. Finally, the jury never voiced any confusion about the verdict form or asked for a recharge on the issue. Because the verdict form was not one that would mislead jurors of reasonable understanding, we find no merit in Harris' challenge. See *Brown v. State*, 283 Ga. 327, 331 (2) (658 SE2d 740) (2008). See, e.g., *Arvinger v.*

---

[2] In *Harris I*, we concluded that Harris was entitled to a reckless conduct charge as a lesser included offense of aggravated assault with a deadly weapon for attempting to commit a violent injury to the person of another, OCGA § 16-5-20 (a) (1), but not as a lesser included offense of aggravated assault with a deadly weapon for committing an act which placed another in reasonable apprehension of immediately receiving a violent injury. See *Harris I*, 342 Ga. App. at 832-833 (2).

5

*State*, 276 Ga. App. 127, 129 (622 SE2d 476) (2005); *McGuire v. State*, 243 Ga. App. 899, 902 (4) (534 SE2d 549) (2000).

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*