S98A1634. RUCKER v. THE STATE.
(510 SE2d 816)

BENHAM, Chief Justice.

A jury convicted appellant Tony Rucker of malice murder in connection with the 1997 death of Linda Gail Tate, the mother of Rucker's son.[1] Police responding to an emergency call placed by the

---

[1] Ms. Tate was killed January 16, 1997. On March 24, 1997, the Habersham County grand jury returned a true bill of indictment charging appellant with Tate's murder. Appellant was tried before a jury December 8-10, 1997, with the jury returning its guilty verdict on December 10, and appellant being sentenced to life imprisonment that day. Appointed appellate counsel filed a motion for new trial on January 7, 1998, and trial counsel filed a motion for new trial on appellant's behalf on January 13. Trial counsel subsequently with-

victim's nine-year-old son found the victim in the back passenger seat of a car parked in front of the home she shared with appellant and their son. The boy testified that he and his parents had driven to a nearby town where he and his mother had dropped appellant off at a pool hall. The child testified that when he and the victim returned to pick up appellant, appellant got in the driver's seat of the car, the victim got in the back passenger seat, and appellant pulled a gun from his pocket. He showed it to the victim and shot her five or six times. The police chief of the town testified that he had encountered appellant in the parking lot near the pool hall just before the victim and her son had picked up appellant. The chief had heard a metal object land on the asphalt and found a handgun that appellant and another man with him in the lot both denied owning. Believing the gun to belong to one of the men, the chief gave the gun to the second man because appellant appeared to the chief to be angry and offensive. That man testified that the gun belonged to appellant and that he had returned the weapon to appellant as soon as the chief left, shortly before appellant got into the car with the victim and the child. The medical examiner who performed the autopsy testified that the victim died from gunshot wounds to her chest, stomach, and arm.

1. The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During voir dire, a venireperson responded affirmatively to trial counsel's suggestion that the venireperson's former employment in a sheriff's office and her marriage to a police officer had caused her to believe that an indicted individual would have to prove the incorrectness of the indictment. Thereafter, the venireperson responded affirmatively to the trial court's inquiry whether she would be able to lay aside any feeling or opinions she had about law enforcement and render a verdict based solely on the evidence presented. The trial court denied appellant's motion to excuse the venireperson for cause and denied appellant's motion for new trial based on that ruling. Appellant contends on appeal that the venireperson clearly indicated her lack of impartiality, making it error for the trial court to refuse to

---

drew from representation, and appointed appellate counsel amended the motion for new trial on May 8. The amended motion for new trial was denied May 28, 1998. The notice of appeal was filed by appointed appellate counsel on June 26, a day after appellate counsel sought to withdraw from representation because appellant had filed a grievance with the State Bar of Georgia against her. The appeal was docketed in this Court on July 10, and the case was submitted for decision on the briefs, with current appellate counsel having assumed representation of appellant after previous appellate counsel was permitted to withdraw.

excuse her for cause.

The decision to excuse a potential juror for cause lies within the sound discretion of the trial court. *Garland v. State*, 263 Ga. 495 (1) (435 SE2d 431) (1993). A prospective juror may be excused for cause upon a showing that the venireperson holds an opinion "so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." *Johnson v. State*, 262 Ga. 652 (2) (424 SE2d 271) (1993). Since the venireperson's response to the trial court's questions demonstrated that she could set aside her initially-expressed opinion and could decide the case on the evidence, the trial court did not abuse its discretion in denying the motion to excuse for cause. *Raulerson v. State*, 268 Ga. 623 (4) (491 SE2d 791) (1997).

3. Appellant contends that the trial court's instruction on reasonable doubt, a nearly verbatim recitation of the pattern jury instruction (Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (D) (2d ed. 1997)), infringed upon appellant's constitutionally-guaranteed due process rights by erroneously diminishing the State's burden of proof when it stated that a "doubt of the law" authorizing acquittal of the defendant exists if the jurors' "minds are wavering or unsettled or unsatisfied. . . ."

"In state criminal trials, the Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged.' " *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990). The charge with which the U. S. Supreme Court found fault in *Cage* used words which suggested a higher degree of doubt for acquittal than is required under the reasonable doubt standard. Id., 498 U. S. at 39. In the case at bar, the description of the quantum of doubt necessary for acquittal (wavering, unsettled, or unsatisfied minds) did not authorize the jury, explicitly or implicitly, to find guilt by a standard less than that required by the Due Process Clause. *Potts v. State*, 261 Ga. 716 (14) (410 SE2d 89) (1991). See also *Payne v. State*, 233 Ga. 294, 310-311 (210 SE2d 775) (1974).

4. Appellant next contends that the trial court erroneously admitted allegedly inflammatory and prejudicial pre-incision autopsy photographs of the victim. According to the testimony of the medical examiner, the photos at issue depicted entry and exit wounds, one of which contained a bra stay that had penetrated the wound as a result of the gunshot. Pre-incision photos such as the ones currently at issue which depict the location and nature of the victim's wounds are admissible because they are relevant and material. *Williams v. State*, 266 Ga. 882 (2) (471 SE2d 888) (1996). See also *Johnson v. State*, 266 Ga. 775 (8) (470 SE2d 637) (1996). There

was no error in admitting the photos into evidence.

5. Appellant next complains that his rights to due process and a fair trial were denied by the use of a preprinted verdict form which appeared as follows:

### VERDICT

We, the jury, find the defendant:

_____ Guilty of the offense of malice murder.

OR

_____ Guilty of the offense of felony murder.

OR

_____ Not guilty.

The jury completed the form by placing a checkmark on the uppermost line. Appellant finds support for his position in *Smith v. State*, 249 Ga. 228 (5) (290 SE2d 43) (1982) and *Chapman v. State*, 258 Ga. 214 (4) (367 SE2d 541) (1988). In dicta in *Smith*,[2] this Court urged that care be given when supplying a preprinted jury verdict form to a jury "lest the jury draw an inference, however unfounded, of predisposition on the part of the trial judge." 249 Ga. at 232. Expressing concern that some jury "might perceive the antecedence of the word 'guilty' over the words 'not guilty' to be an expressive view of the court[,]" the Court suggested that the "safer" practice would be to omit "guilty" and "not guilty" from the verdict form and have the jury write in its verdict. Six years later, the Court reiterated its suggestion about the relative safety of having the jury complete the verdict form by hand, but found no error in the use of a verdict form that did not comport with the Court's suggestion since the form "show[ed] a clear option of a not guilty verdict so that no reasonable juror could have been misled into believing that option was not available. . . ." *Chapman v. State*, 258 Ga. 214 (4) (367 SE2d 541) (1988). More recently, in *Jackson v. State*, 267 Ga. 130 (13) (475 SE2d 637) (1996), we ruled that it was not error to supply the jury with a preprinted verdict form which "did not suggest to the jury how to fill in the form, and [on which] the word 'guilty' was not antecedent over the words 'not guilty.' "

Prior to publication of the Court's suggestion in *Smith*, this Court had determined that providing the jury a preprinted verdict form was a matter of convenience and did not intimate any opinion

---

[2] In *Smith*, 249 Ga. at 231, the Court noted that the issue of the prepared verdict form was not addressed in the defendant's enumeration of error.

as to guilt or innocence if the jury clearly understood the verdict was to be based on the evidence in the case. *Jackson v. State*, 237 Ga. 663, 664 (229 SE2d 345) (1976). Justice Carley, while a member of the Court of Appeals, interpreted *Jackson* as holding that "[u]se of a printed verdict form . . . is not reversible error absent erroneous instructions to the jury misleading them as to their duty and function to return a verdict of guilty or innocence based on the evidence in the case." *Chance v. State*, 154 Ga. App. 543 (2) (268 SE2d 737) (1980). Relying on *Jackson*, the Court of Appeals more recently concluded that use of a preprinted verdict form is not problematical unless a jury of reasonable understanding could have been misled by the form or the options offered therein. See *Bridgers v. State*, 183 Ga. App. 98 (2) (357 SE2d 894) (1987). We conclude that the use of a jury verdict form preprinted with the words "Guilty" and "Not Guilty" does not constitute error unless the form would mislead jurors of reasonable understanding, or the trial court erroneously instructed the jury on the presumption of innocence, the State's burden of proof, the possible verdicts that could be returned, or how the verdict should be entered on the printed form. In and of itself, merely listing the possible guilty verdict option(s) before the "Not Guilty" option does not render the verdict form misleading so as to constitute reversible error. See *Harris v. State*, 202 Ga. App. 618 (5) (414 SE2d 919) (1992). Measuring the verdict form used in the case at bar against this standard, we find no merit to appellant's assertion of reversible error in the use of the preprinted verdict form.

6. Lastly, appellant seeks a remand in order that the trial court might conduct an evidentiary hearing on appellant's contention that trial counsel did not render effective assistance of counsel. Present appellate counsel acknowledges that previous appellate counsel filed an amended motion for new trial asserting that trial counsel was ineffective, and bases the request for an evidentiary hearing on the grounds that present appellate counsel's representation began after the notice of appeal was filed, and because no testimony on the issue was taken at the hearing on the motion for new trial. In its order denying appellant's motion for new trial, the trial court addressed each of the five allegations of ineffective assistance and determined that appellant had failed to carry his burden to establish that trial counsel had been deficient in representing appellant, or that the trial's outcome would have been different. See *Smith v. State*, 262 Ga. 480 (422 SE2d 173) (1992) (the party claiming ineffective assistance of counsel has the burden of establishing ineffectiveness under the standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)).

Remand of a case for a hearing on a claim of ineffective assistance of trial counsel is appropriate where the claim has been raised

at the earliest practicable moment by counsel other than trial counsel (*Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986)), in order that the trial judge who presided over the defendant's trial may be presented with an opportunity to resolve the issue of ineffective assistance of counsel. See *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991). Appellant is not entitled to a remand in this case because the claim was raised at the earliest practicable moment, in the amended motion for new trial, and was ruled upon in the trial court's order denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*Kenneth D. Kondritzer,* for appellant.

*Michael H. Crawford, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.