## S11A1899. MITCHELL v. THE STATE.

(722 SE2d 705)

NAHMIAS, Justice.

Appellant James Mitchell and co-defendant Jarnard Williams were indicted for the felony murder of Wymberly Baker, the aggravated assault of Donald Robinson, and two counts of possession of a firearm during the commission of a felony. Williams was separately indicted for theft by receiving a Toyota Highlander. After a joint jury trial, Appellant and Williams were found guilty on all counts. Finding no merit to Appellant's contentions on appeal, we affirm.[1]

1. The evidence presented at trial, viewed in the light most favorable to the verdict, showed the following. About 5:00 p.m. on October 25, 2007, Baker, Robinson, Isaac Fitzgerald, and Tereen Graham were talking in front of Baker's house in Savannah, Georgia, when a stolen black Toyota Highlander with three or four people in it pulled up. Two men got out and said they were there to rob the victims, who began running. The two men then began shooting. Baker was fatally shot in the chest, and Robinson was shot in the arm. After Appellant went through Baker's pockets, the two shooters jumped back in the SUV and fled the scene.

Shortly after the shootings, the Highlander was found abandoned some distance away, with the doors open and the engine running. The Tech 9 and Ruger 9mm handguns used in the shootings were found near the parked SUV. Three eyewitnesses identified Appellant as one of the shooters. There was also evidence that Appellant and Williams were driving a black SUV earlier on the day of the crimes and that Appellant had a Tech 9 handgun and Williams had a 9mm handgun that day.

When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above and in more detail in Williams, 290 Ga. 533, was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also Vega v. State, 285 Ga. 32,

---

[1] The crimes occurred on October 25, 2007, and Appellant and Williams were indicted on April 2, 2008. A jury found them guilty on April 17, 2009. On April 22, 2009, the trial court sentenced Appellant to life in prison on the murder conviction, ten consecutive years on the aggravated assault conviction, and two five-year consecutive terms on the firearm convictions. Appellant filed a motion for new trial on May 5, 2009, and an amended motion on January 31, 2011. The trial court denied the motion on February 7, 2011. On March 15, 2011, Appellant filed a notice of appeal, which this Court dismissed as untimely. On June 23, 2011, the trial court granted Appellant's motion for out-of-time appeal, and on June 30, Appellant filed a notice of appeal. The case was docketed for the September 2011 term of this Court and submitted for decision on the briefs. We also decide Williams's appeal today. See Williams v. State, 290 Ga. 533 (722 SE2d 847) (2012).

33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)).

2. Appellant contends that the pre-printed verdict form conflicted with the presumption of innocence because the first choice for each charge was a finding of guilty, while the second choice was a finding of not guilty. However, this Court has held that "merely listing the possible guilty verdict option(s) before the 'Not Guilty' option" on a pre-printed verdict form would not by itself mislead the jury as to the presumption of innocence. *Rucker v. State*, 270 Ga. 431, 435 (510 SE2d 816) (1999). We noted in *Rucker* that reversible error could arise from the use of such a pre-printed form if the "form would mislead jurors of reasonable understanding" or the trial court "erroneously instructed the jury on the presumption of innocence, the State's burden of proof, the possible verdicts that could be returned, or how the verdict should be entered on the printed form." Id. But the verdict form here was not misleading and the trial court made no such error. Appellant asks us to overrule *Rucker*, but we continue to find its reasoning sound and decline to do so.

3. Appellant contends that the trial court erred in permitting the State's lead detective to remain in the courtroom throughout the trial, even though Appellant invoked the rule of sequestration. However, "it is well within the trial court's discretion to permit [the State's lead investigator] to remain in the courtroom despite invocation of the rule of sequestration where the State shows his presence is necessary for the orderly presentation of evidence." *Dockery v. State*, 287 Ga. 275, 276 (695 SE2d 599) (2010). "The decision to grant an exception to the rule of sequestration will not be disturbed absent manifest abuse of discretion." *Thorpe v. State*, 285 Ga. 604, 606 (678 SE2d 913) (2009). In light of the prosecutor's explanation that she needed the detective with her to ensure the orderly presentation of the State's 28 exhibits and 21 witnesses, some of whom were expected to (and did) testify differently than in their pre-trial statements, the trial court did not abuse its discretion in permitting the lead detective to remain in the courtroom during the three-day trial. See *Dockery*, 287 Ga. at 276; *Thorpe*, 285 Ga. at 606.

4. Appellant claims that his trial counsel was constitutionally ineffective for several reasons. To prevail on these claims, Appellant

"must show that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. See *Strickland v.*

*Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984)."

*Watkins v. State*, 289 Ga. 359, 362 (711 SE2d 655) (2011) (citation omitted).

(a) Appellant claims that trial counsel provided deficient performance by failing to object when several witnesses identified Appellant as one of the gunmen based on hearsay and in failing to object to numerous leading questions posed by the prosecutor. As for the first claim, Appellant, who waived a hearing on his motion for new trial, asserted in his motion only that trial counsel was ineffective "by not objecting to an in-court identification of" Appellant, never explaining the alleged basis for such an objection. Because Appellant did not argue below the hearsay issue he now argues on appeal, this claim is waived. See *Collier v. State*, 288 Ga. 756, 758 (707 SE2d 102) (2011).

Moreover, as to both these ineffectiveness claims, because Appellant waived a hearing, there is no testimony of trial counsel regarding the decisions he made at trial. In "the absence of evidence to the contrary, counsel's decisions are presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim." *Washington v. State*, 285 Ga. 541, 543 (678 SE2d 900) (2009). The decision not to object to certain hearsay or to leading questions is often the result of reasonable trial strategy. Because Appellant "has not made a contrary showing," he has "failed to show deficient performance." Id.

Finally, neither in his motion for new trial nor on appeal has Appellant named a witness whose identification was supposedly based on hearsay, much less explained why any identification evidence constituted inadmissible hearsay. Appellant's contention regarding trial counsel's failure to object to leading questions is similarly vague. Appellant thus has failed to carry his burden to show deficient performance or prejudice on these two claims.

(b) Appellant also contends that trial counsel provided deficient performance in not insisting that the trial court demand more information from the prosecutor to substantiate her claim that she needed to have the lead detective present throughout the trial. This claim is waived because it was not raised in the motion for new trial. See *Collier*, 288 Ga. at 758. It is also without merit. As we held in Division 3 above, the prosecutor provided enough information to the court to support its decision to permit the lead detective to remain in the courtroom, and trial counsel cannot be ineffective for failing to pursue a meritless issue. See *Funes v. State*, 289 Ga. 793, 796 (716 SE2d 183) (2011).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

Brian L. Daly, for appellant.

Larry Chisolm, District Attorney, Melanie Higgins, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General, for appellee.