## S12A2045. PORTER v. THE STATE.
### (736 SE2d 409)

THOMPSON, Presiding Justice.

Appellant Thaddeus Porter was convicted of malice murder and other crimes related to the shooting death of Willie Clay.[1] His motion for new trial was denied, and he appeals, asserting that the trial court erred by permitting the State to present evidence that a tipster was not a participant in the crimes and that trial counsel provided ineffective assistance of counsel. For the reasons that follow, we affirm.

1. Viewed in a light most favorable to the verdict, the evidence shows that on the day of the crimes, appellant, Donovan Champion,

---

[1] The crimes occurred on July 10, 2002. Appellant was indicted by a Muscogee County grand jury on April 29, 2003, on charges of malice murder, felony murder, armed robbery, and possession of a firearm during the commission of a crime. The jury returned a verdict on August 29, 2003, finding him guilty of all counts. Appellant was sentenced to life imprisonment for malice murder, a consecutive life sentence for armed robbery, plus a consecutive five-year sentence for possession of a firearm during the commission of a crime. The felony murder count was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Appellant filed an out-of-time motion for new trial on October 24, 2003, which was granted on October 30, 2003, and an amended motion for new trial on April 5, 2012. The motion for new trial was denied on June 5, 2012. Appellant filed a notice of appeal on June 15, 2012. The appeal was docketed to the September 2012 term of this Court and submitted for decision on the briefs.

and appellant's 12-year-old "god brother" planned to rob a restaurant in the same strip mall as the dry cleaners where the victim worked. Because the rear door to the restaurant was locked, they entered the cleaners, forced the victim into the back office, and took a bag containing money and rolled coins. When the victim tried to escape, appellant hit him several times with a gun and an aluminum bat, knocking him to his knees. Appellant then fatally shot the victim. Police initially were unable to identify any suspects, but several months after the shooting they received a tip from a concerned citizen. Based on information from the tipster, appellant and Champion were arrested and charged with the crimes.

We conclude the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by permitting a detective to testify that based on his investigation, the tipster was not a witness to or participant in the crimes.[2] At trial, appellant objected on the basis that the detective's testimony went to the ultimate issue. He now argues the testimony was improperly admitted to explain the detective's conduct. See *Jones v. State*, 290 Ga. 576, 580 (722 SE2d 853) (2012) (out-of-court statements may be admissible to explain an investigating officer's conduct if that conduct is a matter concerning which the truth must be found). Because appellant raises this argument for the first time on appeal, it is not preserved for appellate review. See *Rucker v. State*, 291 Ga. 134 (2) (728 SE2d 205) (2012); *Mitchell v. State*, 290 Ga. 490 (4) (a) (722 SE2d 705) (2012).

Even absent the procedural waiver, however, appellant cannot show his newly asserted grounds for objection would have resulted in exclusion of the challenged testimony. While appellant correctly cites authority for the proposition that only on rare occasions will the need to explain the conduct of an investigating officer justify the admission of hearsay evidence, the detective's comment on the results of his investigation was not hearsay evidence. The trial court allowed the

---

[2] The trial court ruled pretrial that the State would not be required to reveal the identity of the tipster or the person who told the tipster the names of the individuals involved. At trial, the detective testified that he had received a phone call from a concerned citizen. On cross-examination, defense counsel asked the citizen's name, and the trial court sustained the State's objection. Defense counsel persisted in his questioning, asking how the citizen got his or her information and whether the detective talked to anyone other than the citizen before talking to appellant and Champion. The detective stated he did not talk to anyone other than the citizen caller and that the caller got his or her information from a third party. On re-direct, the State asked the detective if, based on his investigation, he was able to determine whether the concerned citizen was a witness or participant in the crimes.

State to ask the detective if his investigation revealed whether the tipster or his source were involved in or witnessed the crimes and the detective answered in the negative. The challenged testimony was limited to the findings of the detective's investigation and did not include or make reference to out-of-court statements made to him by the tipster.

3. Appellant contends he received ineffective assistance of counsel on several grounds. In order to prove ineffective assistance of counsel, appellant must show both that counsel's performance was deficient and that this deficient performance prejudiced his defense to a point where there was a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). We accept the trial court's findings of fact unless they are clearly erroneous, but we apply the law to the facts de novo. Id. at 698; *Head v. Carr*, 273 Ga. 613 (4) (544 SE2d 409) (2001).

(a) Appellant contends he was denied effective assistance of counsel because his attorney did not object to the detective's testimony regarding the tipster's involvement in the crimes on the ground that it was inadmissible to explain the detective's conduct. Appellant has failed to satisfy the first *Strickland* prong with regard to this enumeration of error inasmuch as counsel's failure to make a meritless objection cannot constitute evidence of ineffective assistance. See Division 2, supra; *Hayes v. State*, 262 Ga. 881 (3) (c) (426 SE2d 886) (1993).

(b) In response to a question by defense counsel on direct examination, appellant testified he had never possessed a gun. His response allowed the State to present evidence of a previous incident during which appellant was apprehended with a loaded gun in his pocket after fleeing from police. Appellant contends counsel's performance was deficient because the question about the gun required appellant to either admit he previously possessed a gun or lie about his prior possession.

Appellant chose not to call trial counsel to testify at the motion for new trial hearing, and therefore, there is no testimony from trial counsel about decisions he made at trial. In the absence of such testimony and evidence to the contrary, the decision to ask appellant about his possession of a gun is presumed to be a strategic one that does not amount to ineffective assistance. See *Mitchell*, supra, 290 Ga. at 492 (4) (a); *Washington v. State*, 285 Ga. 541 (3) (a) (i) (678 SE2d 900) (2009); *Ballard v. State*, 281 Ga. 232, 234 (637 SE2d 401) (2006). In addition, appellant testified he thought his prior possession, committed when he was a juvenile, could not be used against him at trial. Had he known it could, he stated, he "would have testified

differently." While we do not know what defense counsel knew about appellant's prior criminal history, trial counsel is not required to anticipate that his client will mislead him or lie on the stand. See *Adams v. State*, 274 Ga. 854, 856 (561 SE2d 101) (2002). We find that trial counsel was not deficient as to this issue.

(c) To the extent appellant argues trial counsel failed to adequately prepare him and his alibi witnesses to testify, he has offered no evidence to show a reasonable probability that more preparation would have changed the outcome at trial. To show prejudice, a defendant is "required to offer 'more than mere speculation' " that, absent the counsel's alleged errors, a different result probably would have occurred at trial. (Citation omitted.) *Dickens v. State*, 280 Ga. 320, 323 (627 SE2d 587) (2006). Similarly, appellant has made no showing that counsel's failure to include his alibi witnesses on the witness list prejudiced him. The trial court allowed all but one of these witnesses to testify after being interviewed by the prosecutor. Although appellant's mother was not allowed to testify at trial because her testimony was not newly discovered, the record shows she would have testified only to appellant's whereabouts up to an hour before the crimes. Accordingly, appellant has shown no prejudice, and his claim of ineffective assistance based on counsel's preparation and handling of witnesses fails.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Clark C. Adams*, for appellant.

*Julia Fessenden Slater, District Attorney, Douglas L. Breault, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.