## S16A0712. FOSTER v. THE STATE.
### (791 SE2d 826)

MELTON, Justice.

Following a jury trial, Michael Angelo Foster was found guilty of felony murder and first degree cruelty to children in connection with the beating death of 15-month-old Malcolm Lewis.[1] On appeal, Foster contends that the evidence presented at trial was insufficient to support the verdict and that the trial court erred in denying his motion for a continuance. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the record shows that Foster lived with his girlfriend, April Lewis, and Lewis' 15-month-old son, Malcolm, at the home of Foster's mother and stepfather. On August 16, 2002, Malcolm was left in Foster's care while Foster's parents and his girlfriend were at work. A friend who came to visit Foster during the day said that he saw Malcolm playing, and another friend who visited in the evening said that the child appeared to be "fine" when she saw him sleeping. Foster was alone with Malcolm for the rest of the evening. That night, Foster took Malcolm to his next door neighbor's house because Malcolm had stopped breathing. Foster claimed that he had left Malcolm alone in the bathtub to answer the telephone and that, when he returned to the bathroom, he found Malcolm lying face down in the tub. However, Malcolm was not wet when Foster brought him to the neighbor's

---

[1] On September 18, 2002, Foster was indicted for felony murder predicated on first degree cruelty to children, and first degree cruelty to children. Following a December 9-10, 2002 jury trial, Foster was found guilty on both counts. On December 10, 2002, Foster was sentenced to life imprisonment for felony murder, and the cruelty to children count was merged for sentencing purposes. On December 30, 2002, Foster filed a pro se "Motion for Retrial and Appointment of Counsel," and, on January 10, 2003, the trial court appointed counsel to represent Foster for purposes of a motion for new trial and granted Foster an additional thirty days to file a motion for new trial. Counsel filed a motion for new trial on Foster's behalf on February 10, 2003. This counsel withdrew from representing Foster, and new counsel filed an amended motion for new trial on Foster's behalf on April 30, 2015. The motion for new trial was denied on August 17, 2015. Following the payment of costs, Foster's timely appeal was docketed in this Court for the April 2016 term and submitted for decision on the briefs.

house. One of the neighbors called 911 while another gave Malcolm CPR until emergency responders arrived fifteen to twenty minutes later.

When emergency personnel arrived, Malcolm was unresponsive and had no pulse. Malcolm also had discolorations across his forehead and on his abdomen. Malcolm was taken to Grady General Emergency Room, where a nurse noticed several contusions and discolorations on Malcolm that were consistent with abuse rather than drowning. Malcolm could not be revived.

Dr. Anthony Clark, a GBI medical examiner, performed an autopsy on Malcolm, in which he observed numerous bruises appearing to be knuckle or grip injuries on Malcolm's forehead and an abrasion near his left ear. Malcolm also had a subdural hematoma, multiple retinal hemorrhages, and a large amount of bleeding in his abdominal cavity that was likely caused by a punch in the abdomen. In addition, Malcolm had fresh and healing injuries to his liver and rib fractures that were likely caused by someone either shaking or squeezing Malcolm. Dr. Clark concluded that the fatal injuries occurred, at most, 20 to 30 minutes before Malcolm stopped breathing. There was no evidence of drowning, and Malcolm's death was caused by closed head trauma and blunt force chest and abdominal injuries.

The evidence was sufficient to enable a rational trier of fact to find Foster guilty of the crime of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Foster contends that the trial court erred by denying his motion for continuance, made four days before the scheduled trial, in which Foster alleged that he needed time to obtain an independent expert witness to evaluate the autopsy results reached by the State's crime lab. We disagree.

Here, the record reveals that Foster's counsel announced "ready" on the day that the trial began without seeking any ruling on his motion for a continuance. Instead, just before the jury was brought in for opening arguments, counsel requested a ruling on what he referred to only as "the motion," without specifying exactly what motion he was referencing. The trial court responded by denying Foster's motion for a "change of venue," without making any mention of Foster's motion for continuance. Foster did nothing more to pursue any ruling on his motion for continuance. Under such circumstances, counsel abandoned the motion for continuance. See *Coats v. State*, 303 Ga. App. 818, 821 (2) (695 SE2d 285) (2010) (A defendant who abandoned his motion for continuance could not claim that the trial court erred in denying the motion, because "[a] defendant cannot

abandon a motion in the trial court and then argue on appeal that the failure to grant the motion was improper") (citation omitted).

In any event, even if Foster had not abandoned his motion, Foster's claim of error would still be without merit. Indeed, "[t]he trial court's discretion in granting or refusing a continuance will not be interfered with by the appellate courts unless it clearly appears that the judge abused his discretion." (Citations and punctuation omitted.) *Bandy v. Henderson*, 284 Ga. 692, 694 (3) (670 SE2d 792) (2008). In his motion, Foster did not identify any expert who allegedly could have helped him at trial. Because Foster "made no showing as to who the expert would be, what his or her testimony would be expected to show, or how that testimony would benefit [him]," the trial court did not abuse its discretion by refusing to grant a continuance in this case. *Strickland v. State*, 212 Ga. App. 170, 172 (3) (a) (441 SE2d 494) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

■■■■■■■■■■■■■■■■■■■■■■

*Ronald R. Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Moruf O. Oseni, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General*, for appellee.