## S16A0950. BRITTIAN v. THE STATE.
(791 SE2d 810)

MELTON, Justice.

Following a jury trial, Nathaniel Brittian appeals his convictions for malice murder, aggravated assault, and possession of a firearm during the commission of a crime, contending that he received ineffective assistance of counsel and that the trial court erred by denying his motion for continuance and improperly rehabilitating a juror.[1] For the reasons set forth below, we affirm.

---

[1] On December 8, 2004, Brittian was indicted for malice murder, felony murder predicated on aggravated assault, aggravated assault, and three counts of possession of a firearm during the commission of a crime. Following a jury trial ending on October 31, 2005, Brittian was found guilty of all charges. The same day, the trial court sentenced him to life imprisonment for murder and five consecutive years for one count of possession of a firearm. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining charges were merged for purposes of sentencing. On November 29, 2005, Brittian filed a motion for new trial and amended it on August 13, 2014. The trial court

1. Viewed in the light most favorable to the verdict, the record shows that Brittian had a relationship with Harriet Johnson which lasted approximately two years. During that time, Johnson was both his co-worker and his mistress. After that relationship ended, Brittian believed that Chris McDuffie, another co-worker, was having a relationship with Johnson. Brittian became jealous, and he told others that he was going to kill McDuffie. On November 2, 2004, Brittian brought a concealed Glock handgun to his workplace. Brittian approached McDuffie and fired six shots at him. McDuffie, who was not armed, died from the resulting wounds. At trial, Brittian admitted to shooting McDuffie, but he claimed that he acted in self-defense. Brittian claimed that McDuffie approached him in a threatening manner.

This evidence was sufficient to enable the jury to find Brittian guilty of all the charges brought against him beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Although Brittian claimed that he acted in self-defense, the jury, as arbiter of facts and credibility, was entitled to reject Brittian's version of events. *Ferguson v. State*, 297 Ga. 342 (1) (773 SE2d 749) (2015).

2. Brittian contends that the trial court erred by denying his motion for a continuance. The record shows that jury selection was scheduled to begin on October 24, 2005, and on October 14, 2005, the State added sixteen additional witnesses to its witness list. That day, Brittian filed a motion for a continuance, arguing that he needed additional time to investigate the new witnesses and that he was anticipating a psychiatric report on his mental health that would not be ready until October 21, 2005. The trial court denied this request.

"This Court will not reverse a trial court's decision to deny a motion for a continuance absent a showing of a clear abuse of discretion." (Citation omitted.) *Geiger v. State*, 295 Ga. 648, 651 (3) (763 SE2d 453) (2014). In this case, although the trial court denied the motion for a continuance, it did act to accommodate Brittian's needs for trial preparation. For example, the trial court ordered that, although jury selection would begin on October 24, 2005, the jury would not be sworn in until two days later in order to allow Brittian to fully review his psychiatrist's report. In addition, the trial court ensured that, during the course of the trial, Brittian would be provided with an opportunity to interview the State's additional

denied the motion on October 22, 2015. Brittian filed a timely notice of appeal, and his case was docketed to the April 2016 term of this Court and submitted for decision on the briefs.

witnesses prior to their testimony being given. Under these circumstances, the trial court did not abuse its discretion in denying the motion for a continuance. See id.

3. Brittian contends that the trial court erred by failing to dismiss Juror Radford for cause, arguing that she expressed clear bias in favor of testimony from police officers.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. For a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. A prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause. Nor is excusal required when a potential juror expresses reservations about his or her ability to put aside personal experiences. . . . A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference.

(Citations omitted.) *Holmes v. State*, 269 Ga. 124, 126 (2) (498 SE2d 732) (1998).

Initially, Juror Radford said she could be fair and impartial, but she also stated that there was a possibility that she would give the testimony of a police officer greater weight than other witnesses. When questioned further by the trial court, Juror Radford stated that she would not believe an officer's testimony if it was contradicted by other evidence and that she would be open to the testimony of other witnesses. The trial court did not err by denying the motion to dismiss this potential juror for cause. *Holmes*, 269 Ga. at 126 (2).

4. Brittian contends that trial counsel rendered ineffective assistance by using peremptory strikes to remove two potential jurors rather than moving the trial court to strike them for cause.

> In order to succeed on his claim of ineffective assistance, [Brittian] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not

have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

In order to prove any prejudice from trial counsel's actions in these two circumstances, Brittian would necessarily have to show that the two jurors would have been removed for cause if the appropriate motions had been made. Brittian has failed to do so.

(a) Brittian first contends that trial counsel should have moved to strike Juror Adams for cause rather than use a peremptory strike because: (1) he was a paramedic who had been assaulted several times while in the performance of his duties; (2) he had worked with the victim for approximately one-and-one-half years as assistant managers at a fast food restaurant; and (3) he knew several Athens-Clarke County Police Officers. During voir dire, however, Juror Adams also stated: (1) he understood that the assaults were not personally directed toward him as a paramedic; (2) he had family members with a criminal history; (3) he would be able to put aside his familiarity with the victim and several police officers; and (4) he would decide the case solely based on the evidence at trial. This testimony would allow the trial court to deny a motion to strike for cause. See *Holmes*, supra. As such, there was no showing of ineffective assistance based on trial counsel's decision to use a peremptory strike against Juror Adams rather than making a motion to strike him for cause.

(b) Brittian contends that trial counsel should have moved to strike Juror Negy for cause rather than use a peremptory strike because: (1) she had a friend who was a victim of rape; (2) she had another friend who was murdered; and (3) one of her sons is a police officer in Chicago. Juror Negy further stated, however, that she could decide the case based on the facts and the law the trial judge provided her, and she did not believe her son being a police officer would affect her ability to serve as an impartial juror. Again, Juror Negy's full testimony shows that she believed that she could be impartial in deciding Brittian's guilt or innocence. *Holmes*, supra. There was, therefore, no showing of ineffective assistance based on trial counsel's decision to use a peremptory strike against Juror Negy rather than making a motion to strike her for cause. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*James D. Love*, for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General*, for appellee.