**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 8, 2017**

# In the Court of Appeals of Georgia

A16A1560. TRUONG v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Anthony Truong was convicted of robbery, false imprisonment, battery, and theft by taking. Truong appeals, challenging the sufficiency of the evidence supporting the robbery and false imprisonment charges, the trial court's refusal to excuse a prospective juror for cause, and the trial court's jury charge on parties to a crime. But, there was sufficient evidence from which a rational trier of fact was authorized to find Truong guilty beyond a reasonable doubt of robbery and false imprisonment, the trial court did not abuse its discretion in refusing to excuse the juror for cause, and any presumed error in giving a jury instruction on parties to a crime was harmless. Therefore, we affirm.

1. *Sufficiency of the evidence.*

Truong claims that there was insufficient evidence to support his convictions for robbery and false imprisonment. The claim is without merit.

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Kilby v. State*, 289 Ga. App. 457 (1) (657 SE2d 567) (2008) (citations omitted).

So viewed, the evidence shows that on March 2, 2014, Truong's mother, Susan Stokes, invited the victim to her house. The victim drove his car to Stokes' house, where he began drinking beer with Stokes. As they drank, the victim discovered that Stokes had slipped pills into his drinks. A short time later, Truong attacked the victim, punching him in the face and knocking him to the ground. As Truong pinned the victim to the ground, he took the victim's keys, wallet, and phone from his pockets. Truong then forced the victim into a sleeping bag on the ground and ordered him not to leave or call the police, threatening further violence if the victim disobeyed. Truong left the house, while Stokes and another man stayed in the same room where the victim was in the sleeping bag on the floor. When Stokes and the man went to a different part of the house, the victim escaped. He discovered that his car

2

was missing and later found that various items were missing from his house. The victim reported the incident to the police, who executed a search warrant at Stokes' house, where they found the victim's wallet, keys, and GPS device hidden in a hamper in Truong's bedroom.

"When viewed in the light most favorable to the verdicts, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find [Truong] guilty beyond a reasonable doubt of the crimes [of robbery and false imprisonment] for which he was found guilty. [Cits.]" *Kennebrew v. State*, 299 Ga. 864, 867 (1) (792 SE2d 695) (2016).

2. *Refusal to excuse prospective juror.*

Truong enumerates that the trial court erred in failing to excuse for cause a prospective juror who had made campaign contributions to the county sheriff. He argues that this case is similar to and controlled by *Post v. State*, 298 Ga. 241 (779 SE2d 624) (2015). However, Truong's reliance on *Post* is misplaced as that case did not involve the issue of excusing a juror for cause, but instead involved recusal of a judge. See *id.* The law governing the issue of excusing a juror for cause is well-settled.

Whether to strike a juror for cause lies within the sound discretion of the trial court. For a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. A prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause. Nor is excusal required when a potential juror expresses reservations about his or her ability to put aside personal experiences. A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference.

*Brittian v. State*, 299 Ga. 706, 708 (3) (791 SE2d 810) (2016) (citation and punctuation omitted).

In this case, there is no showing that the prospective juror held any opinion of Truong's guilt or innocence, let alone an opinion that was so fixed or definite that he was unable to set it aside and decide the case based on the evidence and the court's charge. On the contrary, when questioned by defense counsel during voir dire about the effect his relationship with the sheriff might have on his impartiality, the juror responded, "I don't think it would have any effect whatsoever." Because the juror's "response to the [defense counsel's] questions demonstrated that [he] could set aside [any] opinion and could decide the case on the evidence, the trial court did not abuse

4

its discretion in denying the motion to excuse for cause." *Rucker v. State*, 270 Ga. 431, 433 (2) (510 SE2d 816) (1999) (citation omitted).

3. *Jury charge on parties to a crime.*

Truong complains that the trial court erred in giving a jury charge on parties to a crime because there was no evidence that anyone else had anything to do with the crimes alleged. But "[e]ven if [we presume that] the charge here was error, it would be harmless in light of the strong evidence against [Truong]." *Rocha v. State*, 234 Ga. App. 48, 53 (4) (506 SE2d 192) (1998) (citation and punctuation omitted). See also *Lewis v. State*, 195 Ga. App. 59, 60 (2) (392 SE2d 563) (1990) (error in giving parties to a crime charge was harmless due to strong evidence of defendant's guilt).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*